Joseph R. Ganley (5643)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Phone: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com

*Attorney for Defendant*
*ENCORE GROUP (USA), LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CORY HINES, an individual,<br><br>Plaintiff,<br>vs.<br><br>ENCORE GROUP (USA), LLC, a Foreign Limited Liability Company; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No:<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PLAINTIFF COREY HINES, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ENCORE GROUP (USA), LLC ("Encore" or "Defendant") hereby removes this action from the District Court in Clark County, Nevada, to the United States District Court for the District of Nevada under 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446. A true and correct copy of the NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT is attached hereto and incorporated herein as Exhibit A. In support of this Notice of Removal, Defendant states to the Court as follows:

/ / /

1.      On or around February 3, 2026, Plaintiff COREY HINES ("Plaintiff") filed an action against Defendant in the District Court for Clark County, Nevada, entitled *Cory Hines v. Encore Group (USA), LLC, et al.*, Case No. A-26-938567-C (the "Complaint").  Attached hereto as Exhibit B is a copy of the Summons and Complaint served upon Defendant, which constitutes all process pleadings and orders served upon Defendant to date.

2.      Defendant was served on February 20, 2026, and thus the instant removal is timely under 28 U.S.C. § 1446(b).

3.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331(a) based on Plaintiff's claims of Discrimination and Retaliation based on alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3.

4.      This Court has supplemental jurisdiction over the remaining claims in Plaintiff's Complaint pursuant to 28 U.S.C. § 1367(a) as such claims are so related to the claims in the lawsuit within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Based on the foregoing, and pursuant to 28 U.S.C. § 1441(a), this cause may be removed from the District Court in Clark County, Nevada to the United States District Court for the District of Nevada.

6.      By filing this Notice of Removal, Defendant does not waive any defense, jurisdiction or otherwise, that it may possess. Defendant does not concede that Plaintiff has stated a claim against it.

/ / /

/ / /

WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the District Court in Clark County, Nevada to the United States District Court for the District of Nevada.

Dated this 13th day of March, 2026.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorney for Defendant*
*ENCORE GROUP (USA), LLC*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5(b), I certify that I am an employee of Hutchison & Steffen, PLLC and that on this 13th day of March, 2026, I caused the above and foregoing documents entitled **DEFENDANT'S NOTICE OF REMOVAL** to be served via US Certified Mail and email to the following:

Mark J. Bourassa
THE BOURASSA LAW GORUP
2350 W. Charleston Blvd., Suite 100
Las Vegas, NV 89102
mbourassa@blgwins.com

*/s/ Kaci Chappuis*

An Employee of HUTCHISON & STEFFEN, PLLC

**INTENTIONALLY LEFT BLANK**
**EXHIBIT PAGE ONLY**



# EXHIBIT A

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Phone: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com

*Attorney for Defendant*
*ENCORE GROUP (USA), LLC*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CORY HINES, an individual, | Case No: A-26-938567-C |
| Plaintiff, | Dept.  27 |
| vs. | |
| ENCORE GROUP (USA), LLC, a Foreign Limited Liability Company; and DOES 1 through 20, inclusive | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| Defendants. | |

TO THE CLERK OF THE DISTRICT COURT FOR CLARK COUNTY NEVADA:

PLEASE TAKE NOTICE that on March 13, 2026, Defendant ENCORE GROUP (USA), LLC ("Encore" or "Defendant") filed a Notice of Removal of this Action in the United States District Court for the District of Nevada. A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

/ / /

/ / /

/ / /

Please take notice that under 28 U.S.C. § 1446, the filing of the Notice of Removal described above, together with the filing of a copy of that notice in this Court and the giving of written notice to all adverse parties, effects the removal of this action.

Dated this 13th day of March, 2026.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorney for Defendant*
*ENCORE GROUP (USA), LLC*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, PLLC and on this 13th day of March, 2026, I caused the above-entitled NOTICE OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT to be served by transmitting a copy to all parties participating in the court's electronic filing system pursuant to NEFCR (9).

*/s/ Kaci Chappuis*

_____
An Employee of HUTCHISON & STEFFEN, PLLC

**INTENTIONALLY LEFT BLANK**
**EXHIBIT PAGE ONLY**



A PROFESSIONAL LLC

# EXHIBIT B

![Wolters Kluwer logo]

## Service of Process Transmittal Summary

**TO:**    Janalin Melendez, Corporate Paralegal
Audio Visual Services Corporation
5100 RIVER RD STE 300
SCHILLER PARK, IL 60176-1058

**RE:**    **Process Served in Nevada**

**FOR:**    Encore Group (USA) LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CORY HINES, an individual vs. ENCORE GROUP (USA) LLC |
| **CASE #:** | A26938567C |
| **PROCESS SERVED ON:** | C T Corporation System, Carson City, NV |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/20/2026 at 13:10 |
| **JURISDICTION SERVED:** | Nevada |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Whit Markowitz  whit.markowitz@encoreglobal.com |
| | Email Notification,  Janalin Melendez  janalin.melendez@encoreglobal.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 701 S. Carson Street |
| | Suite 200 |
| | Carson City, NV 89701 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Feb 20, 2026

**Server Name:** Dawn Calhoun

| | |
|---|---|
| Entity Served | ENCORE GROUP (USA) LLC |
| Case Number | A-26-938567-C |
| Jurisdiction | NV |

| Inserts | | |
|---|---|---|
| | | |



Electronically Issued
2/3/2026 11:35 AM

**SUMM**
MARK J. BOURASSA, ESQ. (7999)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:   (702) 851-2180
Facsimile:   (702) 851-2189
Email:   *mbourassa@blgwins.com*
*Attorney for Plaintiff*

CASE NO: A-26-938567-C
Department 27

DISTRICT COURT
CLARK COUNTY, NEVADA
***

| | |
|---|---|
| CORY HINES, an individual, | ) Case No.: |
| | ) Dept No.: |
| Plaintiff; | ) |
| vs. | ) **SUMMONS TO DEFENDANT ENCORE** |
| | ) **GROUP (USA) LLC.** |
| ENCORE GROUP (USA) LLC, a foreign limited- | ) |
| liability company; and DOES 1 through 20, | ) |
| inclusive, | ) |
| Defendants. | ) |
| | ) |

**NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 21 DAYS. READ THE INFORMATION BELOW CAREFULLY.**

**TO THE DEFENDANT: ENCORE GROUP (USA) LLC.,** A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

1.  If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a.  File with the Clerk of this Court, whose address is shown below, a formal written response (Answer) to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b.  Serve a copy of your response upon the attorney whose name and address is shown below.

-1-

Dawn Calhoun
2602
2026/02/20 13:10

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property, or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON

**CLERK OF COURT**

2/3/2026

By: _____
Deputy Clerk    Crystal Nantz
200 Lewis Avenue
Las Vegas, Nevada 89101

Issued at direction of:

**THE BOURASSA LAW GROUP**

 _/s/ Mark J. Bourassa_
MARK J. BOURASSA, ESQ. (7999)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102

*Attorney for Plaintiff*

-2-

Electronically Filed
2/9/2026 4:06 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
MARK J. BOURASSA, ESQ. (NBN 7999)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:   (702) 851-2180
Facsimile:   (702) 851-2189
Email:       *mbourassa@blgwins.com*
*Attorney for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

***

| | |
|---|---|
| CORY HINES, an individual,<br><br>                Plaintiff;<br>vs.<br><br>ENCORE GROUP (USA) LLC, a foreign limited-liability company; and DOES 1 through 20, inclusive,<br>                Defendants. | Case No.: A-26-938567-C<br>Dept. No.:<br><br>**FISRT AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, CORY HINES (hereinafter "Plaintiff"), by and through his counsel of record, The Bourassa Law Group, hereby submits this Complaint against Defendants ENCORE GROUP (USA) LLC and DOES 1 through 20, and each of them, and alleges as follows:

**I.**
**PARTIES**

1.      Plaintiff is, and at all times relevant hereto was, a natural person who resides in Clark County, Nevada.

2.      Upon information and belief, Defendant ENCORE GROUP (USA) LLC (hereinafter "Defendant Encore") is, and at all times relevant hereto was, a foreign limited-liability company licensed to and conducting business in the State of Nevada.

3.      At all relevant times, DOES 1 through 20, inclusive, and each of them, were legal entities or individuals. That the true names and capacities, whether individual, corporate, agents, association, or

-1-

otherwise of the Defendants, DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the damages to Plaintiff, as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES 1 through 20 and state appropriate charging allegations when that information has been ascertained.

4.    At all times hereinafter, Defendant Encore and DOES 1 through 20 will be collectively referred to as "Defendants."

5.    At all times relevant hereto, Defendants were agents, servants, employees, or joint ventures of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission, and consent of all other Defendants.

## II.
## JURISDICTION AND VENUE

6.    This Court has jurisdiction in this matter and venue is proper because all of the facts and circumstances giving rise to this action occurred in Clark County, Nevada.

## III.

## ADMINISTRATIVE PREREQUISITES

7.    Plaintiff has complied with all the administrative prerequisites to this action as he timely filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue on February 4, 2026. A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto as Exhibit "1."

## IV.
## GENERAL ALLEGATIONS

8.    Plaintiff is a Black man and is racially African American.

9.    Plaintiff was hired by Defendants in or about August 2022 for the position of Motor Quality Control.

-2-

10.     At all times relevant herein, Plaintiff was an "employee" within the meaning of Title VII[1] and Nevada State law.[2]

11.     At all times relevant herein, Defendant Encore was an "employer" within the meaning of Title VII[3] and Nevada State law.[4]

12.     Beginning in the first week of Plaintiff's employment with Defendants, Plaintiff was subjected to severe and pervasive racial harassment from both coworkers and managers.

13.     Much of this racial harassment came from Plaintiff's coworker, Zachary Wood, who is the son of Plaintiff's direct supervisor, Sean Wood.

14.     Zachary Wood regularly addressed Plaintiff using racial slurs including "n*gger" even after Plaintiff told Zachary Wood that such language was offensive and made him extremely uncomfortable.

15.     In one instance, Zachary Wood specifically shared with Plaintiff that he hated Black people.

16.     Zachary Wood additionally shared with Plaintiff that he was involved with the Aryan Brotherhood and even had a tattoo that represented the Aryan Brotherhood.

17.     In another incident, Zachary Woods went through an episode where he physically threw a motor across the floor where Plaintiff was standing.

18.     Plaintiff approached him to check on him, which caused an explosive rage where Zachary Woods came at Plaintiff while clenching his fists and screaming at him.

19.     Plaintiff was also aware that Zachary Woods kept a knife on his hip, which led him to believe Zachary Woods's aggressive behavior is a threat to his safety and wellbeing in Defendants' employ.

20.     After this incident, Zachary Woods exited to his car, which is where he had previously shown Plaintiff he kept a pistol.

---

[1] 42 U.S.C. § 2000e(f).
[2] N.R.S. § 608.010.
[3] 42 U.S.C. § 2000e(b).
[4] N.R.S. § 608.011.

-3-

21. Zachary Woods's uncontrollable and unhinged angry outbursts are what began Plaintiff's uneasiness around him.

22. Further, there was an incident where Zachary Woods and another coworker, Donnie, made a joke to insinuate they were calling Plaintiff a racial slur to his face, even after Plaintiff's explicit statements that it was not acceptable for racial slurs to be used in his presence.

23. Shortly after this, Zachary Woods explicitly called Plaintiff that slur to his face.

24. In or about mid-March 2023, Zachary Wood and other coworkers in Plaintiff's department created a ball of tape which offensively resembled a Black person, a photo of which is attached hereto as Exhibit '1.'

25. Plaintiff's coworkers passed this ball around among themselves while laughing before tossing the ball at Plaintiff.

26. After realizing that the ball was created with racial animosity, Plaintiff told his coworkers to immediately throw it away due to its offensiveness.

27. Plaintiff complained to his supervisor, Sean Wood, but no action was taken to address his complaint.

28. In February 2024, almost a year after this tape ball incident occurred, Plaintiff found the same ball, or a very similar ball, inside of a blue crate.

29. Finding the ball nearly a year later brought back the humiliation and trauma from the original incident.

30. Plaintiff reported seeing the ball to a different supervisor named Tommy, who assured Plaintiff that he would forward the complaint to Human Resources.

31. On or about May 1, 2024, Plaintiff was contacted by Rhonda Vivor from Defendants' Human Resources Department.

32. Rhonda Vivor asked Plaintiff to make a formal statement regarding the racial harassment.

33. When Plaintiff returned to work after formally complaining to Human Resources, it became immediately clear to Plaintiff that his coworkers were aware of the complaint because the attitudes of those around him changed and certain coworkers even began avoiding Plaintiff at work.

34. Beginning in May 2024, Plaintiff began to be retaliated against after informing Defendants' Human Resources department about the racist statements, conduct, and behavior that were going in Defendants' employ, and the harassment escalated.

35. Plaintiff found rotten food and spoiled drinks that had been intentionally left in his work area on more than one occasion.

36. Plaintiff realized his "scanner" – which was a tool needed to complete his work duties – had been taken from his workstation.

37. Plaintiff went to supervisor Sean Wood to report that the scanner was missing, but Sean told Plaintiff that he didn't care and that Plaintiff should manually type in bar codes instead of scanning them.

38. Plaintiff's manager, Sean Wood, who is Zachary Woods's father, eventually forced Plaintiff to go home because he did not have the proper equipment to complete his daily tasks.

39. The next day, Sean Wood informed Plaintiff he would not be able to speak with him whatsoever due to "what's going on with HR."

40. Due to the fact that his scanner was still missing from his workstation, Sean Woods again demanded that Plaintiff go home.

41. When Plaintiff returned the following day and told Sean Wood that his scanner was still missing, Sean Wood told Plaintiff that he didn't "give a f*ck."

42. After this, Plaintiff requested a transfer to another department and was instructed only to contact district supervisor Rob Rohde with any future issues.

43. Plaintiff was told by a supervisor in the new department that he had heard that Plaintiff had had issues with Sean Wood in his previous department.

44. Plaintiff felt that he was being profiled by his new supervisors.

45. On or about May 27, 2024, Plaintiff advised his supervisors via text that he was sick and would be leaving work early due to his illness.

46. When Plaintiff returned to work, Plaintiff was reprimanded by district supervisor Rob Rodhe for leaving work, even though Plaintiff had informed him of his illness.

-5-

47. Approximately two weeks later, Plaintiff was called into a meeting with district supervisor Rob Rodhe and managers Dave and Mark in which Plaintiff was given a verbal warning for failing to provide notice prior to leaving work.

48. On or about June 18, 2024, Plaintiff's employment was suddenly terminated.

49. Plaintiff was told that the reason for his termination was violating policy and his behavior.

## V.
### FIRST CAUSE OF ACTION
### (Race-Based Discrimination in Violation of Title VII)

50. Plaintiff incorporates by this reference each and every allegation made in this Complaint, as if fully set forth herein.

51. Title VII of the Civil Rights Act of 1964 ("Title VII") makes it unlawful for an employer to "fail or refuse to hire or *to discharge* any individual, or otherwise *to discriminate against* any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color*, religion, sex, or national origin."[5]

52. Plaintiff is a Black man and is racially African American; therefore, he is a member of a protected class under Title VII on the basis of race and color.

53. Throughout his employment, Plaintiff was subjected to several incidents of unwelcome conduct based on his race and color, included repeated and inappropriate comments, harassing behavior, and racially based derogatory language.

54. This conduct included, but was not limited to:

    a. Repeated use of racial slurs both around Plaintiff and specifically directed at Plaintiff despite Plaintiff's clear objections and requests that such language stop;

    b. Statements expressing racial animus, including statements made by Zachary Wood in which he explicitly admitted to hating Black people and claimed affiliation with the Aryan Brotherhood;

---

[5] 42 U.S.C. § 2000e-2(a)(1) (emphasis added).

    c. Threatening and aggressive conduct in the workplace, including violently throwing a motor across the floor near Plaintiff and advancing toward Plaintiff in a rage while clenching fists and screaming;

    d. Conduct creating a reasonable fear for Plaintiff's safety, including the open possession of a knife at work and prior references to keeping a firearm in a vehicle;

    e. The creation and use of a racially offensive object resembling a Black person, which was pass around among coworkers while they laughed and then thrown at Plaintiff;

    f. Management's failure to address or remediate the reported racial harassment, allowing the hostile work environment to continue and escalate; and

    g. Plaintiff's eventual termination which was justified by Defendants with clearly pretextual reasoning.

55. The conduct described above was motivated by race-based animus, was directed at Plaintiff because of his race, and was not experienced by similarly situated non-Black or non-African American employees.

56. Defendants' actions and inaction created a work environment that was both subjectively offensive to Plaintiff and objectively hostile and abusive to a reasonable person in his position, and the harassment and discrimination was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

57. Defendants failed to take reasonable steps to prevent or correct this harassing conduct.

58. Plaintiff suffered the tangible employment action of termination.

59. Plaintiff has suffered emotional distress, embarrassment, humiliation, and mental anguish and is entitled to be compensated for those inflictions.

60. The actions of Defendant were willful, malicious, and oppressive.

61. Defendant should be subjected to punitive and exemplary damages to deter future conduct of this sort.[6]

---

[6] 42 U.S.C. § 1981a(b)(1).

62.     As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, and other compensatory damages in an amount to be determined at trial.

63.     It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is thus entitled to recover reasonable attorney's fees and costs.[7]

## VI.
## SECOND CAUSE OF ACTION
**(Race-Based Discrimination in Violation of Nevada Law)**

64.     Plaintiff incorporates by this reference each and every allegation made in this Complaint, as if fully set forth herein.

65.     Nevada State law makes it unlawful for an employer to "fail or refuse to hire or *to discharge* any person, or otherwise *to discriminate against* any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her *race*, *color*, religion, sex, sexual orientation, gender identity or express, age, disability or national origin.[8]

66.     Plaintiff is a Black man and is racially African American; therefore, he is a member of a protected class under Nevada law on the basis of race and color.

67.     Throughout his employment, Plaintiff was subjected to several incidents of unwelcome conduct based on his race and color, included repeated and inappropriate comments, harassing behavior, and racially based derogatory language.

68.     This conduct included, but was not limited to:

a.  Repeated use of racial slurs both around Plaintiff and specifically directed at Plaintiff despite Plaintiff's clear objections and requests that such language stop;

---

[7] 42 U.S.C. § 2000e-5(k).
[8] N.R.S. § 613.330(1)(a) (emphasis added).

    b.  Statements expressing racial animus, including statements made by Zachary Wood in which he explicitly admitted to hating Black people and claimed affiliation with the Aryan Brotherhood;

    c.  Threatening and aggressive conduct in the workplace, including violently throwing a motor across the floor near Plaintiff and advancing toward Plaintiff in a rage while clenching fists and screaming;

    d.  Conduct creating a reasonable fear for Plaintiff's safety, including the open possession of a knife at work and prior references to keeping a firearm in a vehicle;

    e.  The creation and use of a racially offensive object resembling a Black person, which was pass around among coworkers while they laughed and then thrown at Plaintiff;

    f.  Management's failure to address or remediate the reported racial harassment, allowing the hostile work environment to continue and escalate; and

    g.  Plaintiff's eventual termination which was justified by Defendants with clearly pretextual reasoning.

69.    The conduct described above was motivated by race-based animus, was directed at Plaintiff because of his race, and was not experienced by similarly situated non-Black or non-African American employees.

70.    Defendants' actions and inaction created a work environment that was both subjectively offensive to Plaintiff and objectively hostile and abusive to a reasonable person in his position, and the harassment and discrimination was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

71.    Defendants failed to take reasonable steps to prevent or correct this harassing conduct.

72.    Plaintiff suffered the tangible employment action of termination.

73.    Plaintiff has suffered emotional distress, embarrassment, humiliation, and mental anguish and is entitled to be compensated for those inflictions.

74.    The actions of Defendant were willful, malicious, and oppressive.

75.    Defendant should be subjected to punitive and exemplary damages to deter future conduct of this sort.[9]

76.    As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, and other compensatory damages in an amount to be determined at trial.

77.    It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is thus entitled to recover reasonable attorney's fees and costs.

## VII.
## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

78.    Plaintiff incorporates by this reference each and every allegation made in this Complaint, as if fully set forth herein.

79.    Title VII makes it unlawful for an employer "to discriminate against any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.[10]

80.    Plaintiff engaged in protected activity under Title VII when he repeatedly complained to Defendants' management and Human Resources about race-based harassment and inappropriate conduct in the workplace.

81.    Defendants were aware of Plaintiff's protected activity, as his complaints were made directly to Defendants' management and Human Resources personnel.

82.    After engaging in protected activity, Plaintiff was subjected to materially adverse employment actions, including but not limited to:

---

[9] N.R.S. § 42.005.

[10] 42 U.S.C. § 2000e-3(a).

-10-

a. Being ostracized by coworkers, including changes in demeanor and coworkers avoiding Plaintiff after learning of his complaint to Human Resources;

b. The intentional placement of rotten food and spoiled drinks in Plaintiff's work area;

c. The removal of Plaintiff's work scanner, an essential tool required to perform his job duties, impairing his ability to work;

d. Being sent home on multiple occasions due to the missing equipment and being told that management did not care about Plaintiff's ability to complete his assigned tasks;

e. Being reprimanded and issued a verbal warning for leaving work due to illness despite having provided notice; and

f. The abrupt termination of Plaintiff's employment under allegedly pretextual grounds.

83. These actions were materially adverse and would dissuade a reasonable employee from making or supporting complaints of discrimination or harassment.

84. Defendants' retaliatory conduct was causally connected to Plaintiff's protected activity, as evidenced by the temporal proximity between Plaintiff's complaints and the escalation of hostility, discipline, and intimidation directed toward him.[11]

85. As a direct and proximate result of Defendants' retaliation, Plaintiff was subjected to intolerable working conditions.

86. As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earning and benefits, diminution of future earning capacity, loss of accumulated benefits, and other compensatory damages in an amount to be determined at trial.

87. The actions of Defendant were willful, malicious, and oppressive.

88. Defendant should be subjected to punitive and exemplary damages to deter future conduct of this sort.[12]

---

[11] See e.g., *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 820, 850 (9th Cir. 2004) ("The temporal proximity between Pardi's protected activities and Kaiser's adverse acts sufficiently raises an inference of a causal link"); *Bell v. Clackamas Cnty.*, 341 F.3d 858, 865-55 (9th Cir. 2003) (holding that proximity in time may by itself constitute circumstantial evidence of retaliation).
[12] 42 U.S.C. § 1981a(b)(1).

89.    It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is thus entitled to recover reasonable attorney's fees and costs.[13]

### VIII.
### FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Nevada Law)

90.    Plaintiff incorporates by this reference each and every allegation made in this Complaint, as if fully set forth herein.

91.    Nevada State law makes it unlawful for an employer "to discriminate against any of his or her employees … because the employee … has opposed any … unlawful employment practice."[14]

92.    Plaintiff opposed Defendants' unlawful employment practices when he repeatedly complained to Defendants' management and Human Resources about race-based harassment and inappropriate conduct in the workplace.

93.    Defendants were aware of Plaintiff's protected activity, as his complaints were made directly to Defendants' management and Human Resources personnel.

94.    After engaging in protected activity, Plaintiff was subjected to materially adverse employment actions, including but not limited to:

a.    Being ostracized by coworkers, including changes in demeanor and coworkers avoiding Plaintiff after learning of his complaint to Human Resources;

b.    The intentional placement of rotten food and spoiled drinks in Plaintiff's work area;

c.    The removal of Plaintiff's work scanner, an essential tool required to perform his job duties, impairing his ability to work;

d.    Being sent home on multiple occasions due to the missing equipment and being told that management did not care about Plaintiff's ability to complete his assigned tasks;

e.    Being reprimanded and issued a verbal warning for leaving work due to illness despite having provided notice; and

f.    The abrupt termination of Plaintiff's employment under allegedly pretextual grounds.

---

[13] 42 U.S.C. § 2000e-5(k).
[14] N.R.S. § 613.340(1).

95. These actions were materially adverse and would dissuade a reasonable employee from making or supporting complaints of discrimination or harassment.

96. Defendants' retaliatory conduct was causally connected to Plaintiff's protected activity, as evidenced by the temporal proximity between Plaintiff's complaints and the escalation of hostility, discipline, and intimidation directed toward him.[15]

97. As a direct and proximate result of Defendants' retaliation, Plaintiff was subjected to intolerable working conditions.

98. As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earning and benefits, diminution of future earning capacity, loss of accumulated benefits, and other compensatory damages in an amount to be determined at trial.

99. The actions of Defendant were willful, malicious, and oppressive.

100. Defendant should be subjected to punitive and exemplary damages to deter future conduct of this sort.[16]

101. It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is thus entitled to recover reasonable attorney's fees and costs.

**IX.**
**FIFTH CAUSE OF ACTION**
**(Violation of Civil Rights Under 42 U.S.C. § 1981)**

102. Plaintiff incorporates by this reference each and every allegation made in this Complaint, as if fully set forth herein.

103. Defendants have violated the Civil Rights Act of 1866 through the actions of its managers and officials in failing to provide equal contractual opportunities to Black African American employees.

---

[15] See e.g., *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 820, 850 (9th Cir. 2004) ("The temporal proximity between Pardi's protected activities and Kaiser's adverse acts sufficiently raises an inference of a causal link"); *Bell v. Clackamas Cnty.*, 341 F.3d 858, 865-55 (9th Cir. 2003) (holding that proximity in time may by itself constitute circumstantial evidence of retaliation).
[16] N.R.S. § 42.005.

104. Plaintiff has been harmed by Defendants' actions, has suffered damages, and is entitled to be fully compensated therefor.

105. The actions of Defendants were willful, malicious, and oppressive.

106. Defendants should be subjected to punitive and exemplary damages to deter future conduct of this sort.[17]

107. It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is thus entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CORY HINES, reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against Defendants, and each of them, as follows:

1. For general damages;

2. For special damages;

3. For punitive damages pursuant to 42 U.S.C. § 1981a(b)(1) and N.R.S. § 42.005;

4. For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

5. For an award of prejudgment interest on the said sum;

6. For an award of post-judgment interest; and

7. For any and all such other further relief as the Court may deem just and proper.

DATED this 9th day of February, 2026.

THE BOURASSA LAW GROUP

By: /s/ Mark J. Bourassa
MARK J. BOURASSA, ESQ. (NBN 7999)
2350 W. Charleston Blvd., Suite 100
Las Vegas, NV 89102

*Attorney for Plaintiff*

---

[17] 42 U.S.C. § 1981a(b)(1).

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, by and through his counsel of record, The Bourassa Law Group, hereby demands a jury trial of all of the issues in the above matter.

DATED this 9th day of February 2026.

THE BOURASSA LAW GROUP

By: */s/ Mark J. Bourassa*
MARK J. BOURASSA, ESQ. (NBN 7999)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102

*Attorney for Plaintiff*

-15-

# EXHIBIT "1"

# EXHIBIT "1"

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Las Vegas Local Office**
333 Las Vegas Blvd South, Suite 5560
Las Vegas, NV 89101
(702) 553-4470
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/04/2026

**To:** Mr. Cory R. Hines
███████████████████
LAS VEGAS, NV 89142
Charge No: 487-2024-02283

EEOC Representative and email:    RUTH IBARRA
EQUAL OPPURTUNITY INVESTIGATOR
RUTH.IBARRA@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 487-2024-02283.

On behalf of the Commission,

Digitally Signed By:Michael Mendoza
02/04/2026

Michael Mendoza
Local Office Director

**Cc:**
David Shankman
Dinsmore
201 North Franklin Street Suite 3050
Tampa, FL 33602

Juanita S Caceres
BOURASSA LAW GROUP
2350 W. Charleston Blvd. Suite 100
Las Vegas, NV 89102

Mark A Bourassa
Bourassa Law Group
2350 W. Charleston Blvd. # 100
Las Vegas, NV 89102


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 487-2024-02283 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 487-2024-02283 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.